IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 98-30006 |
| ) | |
| EDDIE L. BROWN, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on the Defendant's amended motion under 18 U.S.C. § 3582 to reduce his sentence.

I. BACKGROUND

Defendant Eddie L. Brown pleaded guilty on April 28, 1998, to one count of possession of cocaine base ("crack") with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C). At sentencing, the Defendant was held accountable for 285.25 grams of crack cocaine and 1.75 grams of powder cocaine. Based on the drug equivalency table in the Guidelines then in effect, these amounts equated to 5,705.35 kilograms of

marijuana, resulting in a Base Offense Level of 34. The Defendant's offense level was reduced by three levels for acceptance of responsibility.

The Government notes the Defendant's Criminal History Category was calculated at VI. His criminal history included two prior felony drug convictions, a felony conviction for unlawful use of a firearm, misdemeanor convictions for possession of marijuana, and a felony conviction for sexual assault. The Defendant's total criminal history score was 12, and he committed the crack offense while on parole and within two years of release from imprisonment.

Based on a Total Offense Level of 31 and Criminal History Category of VI, the Defendant's guideline range was 188 to 235 months. The Court sentenced the Defendant to 188 months imprisonment.

The Government opposes the Defendant's motion on the basis of his extensive criminal history. It asserts that Defendant represents a continuing threat to the public. The United States Probation Office has no opposition to the motion.

## II. ANALYSIS

(A)

The Defendant moves for a reduction of sentence under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10(a)(1) of the Guidelines provides that if a defendant's guideline range has been subsequently lowered because of an amendment, the court may reduce that defendant's prison term pursuant to section 3582(c)(2). "[P]roceedings under 18 U.S.C. § 3582 and this policy statement do not constitute a full resentencing of the defendant." See U.S.S.G. § 1B1.10(a)(3).

The Government notes that the relevant amendments are Amendment 706, effective November 1, 2007, and Amendment 715, effective May 1,

2008, which reduced the base offense level for most cocaine base offenses. On December 11, 2007, and May 1, 2008, respectively, the Commission added Amendment 706 and Amendment 715 to the list of amendments stated in Section 1B1.10(c), which may be applied retroactively, effective March 3, 2008, and May 1, 2008, respectively.

Pursuant to Amendment 706, the Sentencing Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses. In Amendment 711, the Commission made conforming amendments to the drug conversion chart which is used when the offenses of conviction involved cocaine base ("crack"), as well as other substances. Amendment 715 modifies the Commentary to U.S.S.G. § 2D1.1 to revise the manner in which combined offenses are calculated in cases involving cocaine base (crack) and other controlled substances. See U.S.S.G., Supplement to App. C, Amend. 715.

(B)

The Defendant states that under Amendment 706 to the Guidelines, as made retroactive by Amendment 711, his Base Offense Level is now

4

determined as follows: First, that level is determined for only the crack cocaine involved in the offense. For 285.25 grams of crack cocaine, the Base Offense Level is 32. Using the amended drug equivalency table for crack cocaine found at Note 10(D)(II) to U.S.S.G. § 2D1.1, at Base Offense Level 32, one gram of crack cocaine is equivalent to 6.7 kilograms of marijuana. Thus, the crack cocaine is equivalent to 1,911.175 kilograms of marijuana.

Using the drug equivalency table for powder cocaine (which remains the same as before the amendment), one gram of powder cocaine equates to 200 grams of marijuana. Therefore, the Defendants's 1.75 grams of powder cocaine equates to 350 grams of marijuana. When the marijuana equivalency amounts are added, the result is 1911.525 kilograms of marijuana, yielding a Base Offense Level of 32 (between 1,000 to 3,000 kg of marijuana).

Based on the foregoing, the Defendant notes that his Base Offense Level under the retroactive amendment is 32. The Total Offense Level would become 29 after the deduction for acceptance responsibility. Given

5

a criminal history category of VI, the Defendant's new guideline range is 151-188 months. The Defendant requests a reduction in his term from 188 months to 151 months.

The Defendant contends that a reduction is warranted for several reasons. The Progress Report provided by Counselor J. Cheatham of FCI Milan on April 20, 2008, and attached to Defendant's motion indicates that Defendant was initially classified at USP Leavenworth, Kansas on November 16, 1998. He was subsequently designated to FCI Milan on May 18, 2003, via a lesser security transfer. The Defendant states he has maintained clear conduct since 2003 and has completed his financial obligation.

The Defendant provides these additional reasons why he believes a reduction is appropriate: (1) he has completed multiple work assignments since his arrival at FCI Milan; (2) he has participated in multiple educational courses since his arrival at that facility; (3) he has successfully completed the "40 Hours Drug Program" since his incarceration and has been approved to complete the "500 Hours Drug Program;" (4) although

the Progress Report notes that Defendant received one institutional adjustment on December 11, 2003 for being absent from an assignment, he was penalized with a reduction of 60 days good conduct credit and a temporary loss of commissary privileges; and (5) he has participated in the Release Preparation Program.

    The Defendant further alleges that although prison is a rough place, he has been sanctioned only the one instance noted above. Anticipating the Government's argument that his criminal history warrants a denial of this motion, the Defendant notes that the Court carefully reviewed and considered his prior criminal history before imposing the original sentence. Thus, the Defendant asks the Court to enter an Amended Judgment and Conviction sentencing him to 151 months imprisonment.

    Section 1B1.10(b)(1) provides in pertinent part:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. . . .

The Government notes that a reduction is not automatic. Section 3582(c)(2) directs the Court to consider any factors under section 3553(a) which are applicable. The Government alleges that public safety considerations warrant the denial of the Defendant's motion. Revised Application Note 1(B)(ii) to section 1B1.10 provides that "[t]he court shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment in determining: (I) whether such a reduction is warranted; and (II) the extent of such a reduction, but only within the limits described in subsection (b)."

In support of its argument, the Government states that Defendant was convicted of a serious drug offense; was involved in the distribution of crack cocaine; had an extensive criminal history, including a conviction for sexual assault; committed the federal offense within two years of release from imprisonment and was on parole at the time of the federal offense.

The Government alleges that, based on the Defendant's record as a whole, and notwithstanding the apparent lack of any major incidents while

in the custody of the Bureau of Prisons, the Defendant represents a continuing threat to the community. Accordingly, the Government asserts that a sentence reduction is not appropriate.

(C)

The most important factor under section 3553(a) for the Court to consider in ruling on the Defendant's motion is the protection of the public. As the Government points out the Court must, pursuant to Revised Application Note 1(B)(ii), consider public safety considerations. Under Revised Application Note 1(B)(iii) to section 1B1.10, the post-sentencing conduct of the Defendant may also be considered in determining whether a reduction is warranted.

Because of the public safety interest that is the Court's most critical consideration, the Court declines to reduce the Defendant's sentence by the amount he requests. The Court finds that, because of his extensive criminal history, a reduction in his term of more than three years would be excessive in this case. However, the Defendant correctly points out that his criminal history was already considered to some extent by the Court prior to the

imposition of the original sentence. Additionally, it appears that in the ten years since the Defendant was sentenced, he has been sanctioned only once. When these factors are balanced, the Court finds that a modest reduction in the Defendant's sentence is appropriate.

A sentence of 170 months is nearly the halfway point between the Defendant's current sentence and the term that he requests. It would also be in the approximate middle of the revised guideline range of 151-188 months, based on the amount of drugs for which the Defendant was accountable. Thus, the Court will grant the motion to reduce and sentence the Defendant near the middle of the revised sentencing range.

After taking into account the history and characteristics of the Defendant–including his criminal history, but also his conduct while in prison–the Court concludes that the Defendant's term of imprisonment should be reduced from 188 months to 170 months. In making this determination, the Court has considered the relevant section 3553(a) factors, especially those pertaining to public safety. The Court finds that a sentence of 170 months strikes the appropriate balance and, pursuant to

section 3582(c)(2) is consistent with the Sentencing Commission's policy statements.

Ergo, the Defendant's amended motion under 18 U.S.C. § 3582(c)(2) for a reduction of sentence [d/e 44] is ALLOWED in PART, to the extent that Defendant's sentence is reduced from 188 months to 170 months. The Defendant's pro se motion to reduce his sentence [d/e 42] is DENIED as MOOT. This Order is subject to the prohibition contained within U.S.S.G. § 1B1.10 (b)(2)(C). The Clerk of Court is diirected to prepare an Amended Judgment consistent with this ruling and forward it to the Bureau of Prisons.

ENTER: August 6, 2008

                FOR THE COURT:

                                      s/Richard Mills
                                      United States District Judge